579 So.2d 902 (1991)
Denni Diane JABLON, Appellant,
v.
James O. JABLON, Appellee.
No. 90-02615.
District Court of Appeal of Florida, Second District.
May 29, 1991.
*903 Catherine M. Catlin of Garcia & Fields, P.A., Tampa, for appellant.
Marsha B. Glisson, New Port Richey, for appellee.
SCHEB, Judge.
Appellant Denni Jablon, mother of four-year-old Benjamin, challenges the order modifying the final judgment of dissolution which changed primary residential custody from her to Appellee James Jablon, Benjamin's father. We reverse.
In September 1989, a final judgment of dissolution was entered, awarding shared parental responsibility and primary physical residential custody of Benjamin to Ms. Jablon. This award was in accordance with an agreement the Jablons signed in July 1989. In January 1990, Mr. Jablon filed his petition seeking primary physical residence of Benjamin. He contended that there had been substantial changes in the four months since the final judgment.
At the hearing on the petition, held March 17, 1990, the evidence disclosed that both parents have cultivated close relationships with their son. They attempt to be cordial to each other in Benjamin's presence and are supportive of one another's relationship with him. Thus, it appears that either parent would be a proper custodian. However, the order at issue is a modification of custody rather than one making an initial custody award, and the court has considerably less discretion in a modification proceeding. Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982). As our sister courts have pointed out, there is an "extraordinary" burden on the movant to prove (1) that a substantial and material change of circumstances has occurred since the final judgment and (2) that a change in custody is in the child's best interest. Purdon v. Purdon, 529 So.2d 334 (Fla. 1st DCA 1988); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980). This is particularly applicable where, as here, the movant, Mr. Jablon, originally agreed to Ms. Jablon's obtaining *904 physical custody. We think he has not met that burden.
At the evidentiary hearing, Mr. Jablon attempted to support a series of allegations contained in his petition. Now, on appeal, he seeks to sustain the trial court's judgment on three grounds.
First, Mr. Jablon urges that a substantial change occurred in that Ms. Jablon had moved several times during the previous four month period, lastly into the home of her fiance. At the time of the dissolution, she lived alone with the child. Mr. Jablon's expert witness opined that based on the information provided by his client, these moves might be confusing and upsetting to Benjamin.
The fact that one parent moves frequently and has a less stable life-style than the other does not in and of itself constitute a substantial change meriting modification of custody. See Stricklin. Moreover, by the time of the hearing, four months after the petition was filed, the frequent moves had ceased. By then, Ms. Jablon was happily settled with her fiance and had established a stable housewife life-style with Benjamin as her focus. Thus, Mr. Jablon's concerns about the frequent moves were moot.
Second, Mr. Jablon argues that the establishment of what he termed a "pseudo-parental" relationship between Benjamin and Ms. Jablon's fiance and another male friend was detrimental. Even when the evidence is viewed in the light most favorable to Mr. Jablon, we find nothing detrimental to Benjamin and nothing warranting a change in custody. The record merely indicates that Ms. Jablon's friends have been cordial to her son. Furthermore, there is no dispute that Ms. Jablon makes clear to Benjamin that Mr. Jablon  and not her fiance  is his father. Moreover, she ensures that Mr. Jablon has ample visitation. Indeed, this court in Stricklin implied that the establishment of a suitable home with parental involvement is a stabilizing and positive occurrence in the life of a young child.
At this juncture, we note that the argument discussed above was presented in a vastly different light in the trial court. On appeal, Mr. Jablon contends that he is not attacking his former wife's morals, but below, he argued that her living with men out of wedlock warranted a change of custody. It has been established for some time that absent proven detriment to the child, possible moral wrongdoing by a parent does not warrant a custodial change. See Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Ours v. Ours, 515 So.2d 281 (Fla. 5th DCA 1987); Culpepper.
Third, Mr. Jablon contends that he had been taking care of Benjamin for an increasing number of days per month. In the five months prior to the final hearing, he spent 14-15 days a month with Benjamin. This in itself, Mr. Jablon argues, constituted a substantial change. We disagree. Ms. Jablon and her fiance denied that such frequent visitation was taking place. Regardless, we do not think that ample visitation  even at another parent's convenience  is the proof necessary for a modification.
Since we think there was not adequate proof of a substantial change of circumstances, we do not reach the second inquiry: whether Benjamin's best interests would necessitate a change of custody. We note, however, that it would be difficult to say a change was necessary given the good relationships of the child with both parents.
Reversed.
SCHOONOVER, C.J., and DANAHY, J., concur.