610 So.2d 586 (1992)
Daphne Carol BRYANT, Appellant,
v.
Everett MEREDITH, Appellee.
No. 91-04019.
District Court of Appeal of Florida, Second District.
December 11, 1992.
Rehearing Denied January 12, 1993.
*587 Charlene Juliano, St. Petersburg, for appellant.
Michael S. Schlesinger, St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
Daphne Carol Bryant attacks an order modifying the primary residential responsibility of her six-year-old son to the father, Everett Meredith. We conclude that the trial court erred in determining that there had been a substantial change of circumstances and, therefore, reverse.
A final judgment entered October 28, 1987 established Everett Meredith as the father of the subject child born May 7, 1986 at Eglin Air Force Base, Florida. The child was born out-of-wedlock. Ms. Bryant was awarded primary residential responsibility, and Mr. Everett was allowed liberal visitation. Different visitation periods were specified in the event the mother moved outside or within the continental United States remote from the father. It further stated that each party provide the other with his or her current address and telephone number, and that each parent has a right to telephonic access to the child. Both parents were deemed fit and proper parents for the child.
Mr. Everett married and currently resides in St. Petersburg. Ms. Bryant was honorably discharged from the United States Air Force after twelve years and seven months of service. She did not reenlist because she wanted a more permanent life-style for her son. Subsequently, she and her son temporarily moved to Norcross, Georgia around September 15, 1990. They then moved to Miami in March 1991 to live with her mother and brother. Ms. Bryant obtained employment there.
In seeking the change in primary residential responsibility, the father alleged that Ms. Bryant had failed to inform him of her termination of employment with the military and her new address in Georgia. He also alleged that she had frustrated his efforts to maintain telephonic contact and visitation with his son. There was no contact between him and the child during the month of August 1990.
The trial court found that material and substantial changes had occurred in the circumstances of the parties since the entry of the supplemental final judgment. The material changes were that Ms. Bryant was no longer a member of the United States Air Force, that she had moved to Georgia without informing Mr. Meredith of the move, and that she had continuously frustrated the father's efforts to maintain telephonic contact and visitation with the child. The trial court held that it was in the best interests of the minor child to confer primary residential responsibility upon the father.
Modification of custody is proper only if there is competent, substantial evidence showing a substantial or material change in the circumstances of the parties since the entry of the original order and that the welfare of the children would be promoted by a modification of the custody provision. Dobbins v. Dobbins, 584 So.2d 1113, *588 1114 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992).
Clearly, the mother's retirement from the service cannot constitute a substantial change of circumstances. There is no evidence in the record that this change was detrimental to the child.
The supplemental final judgment contemplated the possibility of a move even outside the continental United States. Thus, the fact of a move from north Florida to Georgia does not alone constitute a substantial change of circumstances.
We are concerned that there was some evidence that the mother was frustrating visitation and telephonic contact between the father and child. The father testified and the mother admitted that she failed to advise him where she was moving. Consequently, he was unable to contact the child during the month of August 1990. However, there is also evidence that the father aggravated the visitation issue by his extremely inflexible attitude. Despite the existence of problems with visitation, the record shows that visitation took place while the child was a resident of Georgia. The custodial parent's frustration of visitation rights, alone, does not justify a change in residential custody. Sherman v. Sherman, 558 So.2d 149 (Fla. 3d DCA 1990).
The father also suggested that the child's living arrangements were inadequate, but if they were, these problems had been resolved long before the time of the final hearing. See Jablon v. Jablon, 579 So.2d 902 (Fla. 2d DCA 1991). Mr. Meredith attempted to portray his life-style and the child's living arrangements with them as more stable than that experienced with Ms. Bryant. However, the fact that one parent moves frequently and has a less stable life-style than the other parent does not in and of itself constitute a substantial change meriting modification of custody. Jablon.
Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla. 1990), enumerates six factors used to resolve relocation dilemmas. The factors are:
1. Whether the move would be likely to improve the general quality of life for both the primary residential spouse and the children.
2. Whether the motive for seeking the move is for the express purpose of defeating visitation.
3. Whether the custodial parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child or children and the noncustodial parent.
5. Whether the cost of transportation is financially affordable by one or both of the parents.
6. Whether the move is in the best interests of the child. (This sixth requirement we believe is a generalized summary of the previous five.)
548 So.2d at 706.
Because Ms. Bryant had moved from Georgia to Miami long before the final hearing, the factors must be analyzed in light of the circumstances surrounding the Miami move. There, she is gainfully employed and is able to financially care for her son. Her reason for terminating her military career was out of concern for her son. The evidence in the record leads to the conclusion that the move to Miami would be likely to improve the general quality of life for both Ms. Bryant and her son.
The second factor, whether her motive in seeking the move is for the express purpose of defeating visitation, is not answered affirmatively by the evidence in the record. The record reveals that she moved to Miami to live with her family and seek employment there. Her return to Florida brought her within the jurisdiction of the court.
Ms. Bryant has declared that she would be able to ensure that Mr. Meredith's scheduled visitation would be strictly adhered to, and she would be willing to either meet Mr. Meredith at a halfway point or continue to deliver and pick up her son at the Merediths' residence. In light of the holding in Sherman and the controverted *589 evidence of frustrated visitation in this case, the record does not support a finding by a preponderance of the evidence that Ms. Bryant would be unlikely to comply with any substitute visitation arrangements. Furthermore, she is again within the jurisdiction of the court in order to enforce reasonable rights of visitation.
There is no evidence in this case that liberal visitation would be inadequate to foster a continuing meaningful relationship between the child and his father. No allegations were made that the mother had utilized her position to prejudice the child against the father. Indeed, visitation should be facilitated by the lesser distance between St. Petersburg and Miami as compared to that between St. Petersburg and Eglin Air Force Base. The fifth factor concerning the cost of transportation was not raised as an issue between the parties.
The sixth factor, a summary of the previous five factors, concerns whether the move is in the best interests of the child. The other Hill factors support a conclusion that the relocation is in the child's best interests. The record discloses that the minor child had lived with his mother since birth. The appellee has simply not demonstrated sufficiently that the change in primary residential responsibility was in the child's best interests. There is an extraordinary burden on the movant to prove (1) that a substantial and material change of circumstances has occurred since the final judgment and (2) that a change in custody is in the child's best interest. Jablon at 903. A drastic alteration of custody such as in the instant case cannot be based merely on minor difficulties experienced by the parties. Dobbins.
We reverse and remand for proceedings consistent with this opinion. We also direct the trial court to reinstate the child support order.
Reversed and remanded.
DANAHY and SCHOONOVER, JJ., concur.