PER CURIAM.
In this post-dissolution modification proceeding, the mother appeals the trial court’s order denying her petition to allow the parties’ son to be removed from Hills-borough County to New York and granting the father’s counterpetition, thereby awarding him primary residential custody of the son. She raises two points on appeal. We reverse and remand for further proceedings.
The mother’s first point on appeal is that the father failed to carry his burden of proving the occurrence of a substantial change of circumstances that would justify modifying the final judgment of dissolution of marriage to make the father primary residential parent. We agree. Although the father presented evidence that the mother has been somewhat less than a sterling parent since entry of the final judgment of dissolution, we conclude that his evidence was insufficient to prove a substantial change of circumstances warranting modification. See Jablon v. Jablon, 579 So.2d 902, 904 (Fla. 2d DCA 1991).
The mother’s second point is that the trial court erred in not allowing her to remove the parties’ son from Hillsborough County to New York State, where her new husband received a job promotion. However, at oral argument, her counsel disclosed that her new husband and she have since moved from New York back to Florida, in Orange County. In light of this development, we decline to address her argument at this time. Accordingly, we remand to the trial court for further proceedings.
Reversed and remanded.
THREADGILL, A.C.J., PATTERSON, J., and RONDOLINO, ANTHONY, Associate Judge, concur.