PER CURIAM.
We reverse that part of the final judgment modifying a previously bifurcated portion of the judgment relating to custody and visitation.
The initial partial final judgment, by stipulation, provided for shared parental responsibility and liberal visitation for Appellant. The subsequent judgment modifies the earlier judgment, awards sole custody to Appel-lee, and denies Appellant any contact with his children. It was error to modify the *545 initial judgment in the absence of a properly pled petition for modification.
We recognize that an emergency hearing was held during the period between judgments on Appellee’s short notice emergency motion. An emergency order was entered based on evidence concerning Appellant’s mental health, conduct and intentions at that time. However, the record reflects no pleading by which Appellant was placed on notice that Appellee was seeking the permanent modification of the earlier stipulated judgment provisions.
In all other respects the final judgment is affirmed. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979) and Stern v. Four Freedoms Nat’l. Medical Servs. Co., 417 So.2d 1085 (Fla. 3d DCA 1982).
On remand, the provisions of the final judgment of July 3, 1992 shall remain in effect as a temporary emergency order for ninety days without prejudice to either party seeking other and further relief in the trial court.
STONE and FARMER, JJ. and DOWNEY, JAMES C., Senior Judge, concur.