KLEIN, Judge.
The trial court granted a change in custody solely because the mother’s former boyfriend abused one of her children. Since the court made a factual finding that the mother was in no way to blame for the child abuse and that there was no possibility it would happen in the future, we reverse.
In January of 1991 HRS received a report of suspected child abuse, and in February all seven of this mother’s children were temporarily removed from her custody. The three children of this father, which included the one alleged to have been sexually abused, were placed in his custody, and the other four were placed in interim foster care. The children in foster care were returned to the 'mother within a few months. In the meantime HRS petitioned to have the children adjudicated dependent because of the child abuse, and the father filed a petition for modification seeking permanent custody of his three children, who were then temporarily with him. The dependency and modification cases were tried together and there was evidence that one of the children had been abused by the mother’s former boyfriend.
The court denied the petition for dependency, finding that although one of the children had been abused by the former boy- *1332 Mend, there was no evidence that the mother knew of it or permitted it to occur, and that there was no possibility that it would occur in the future. The court granted the father’s petition for change of custody of the three children, however, based on the same findings of fact in the order denying the petition for dependency, but concluding that “the fact that the abuse occurred constitutes a substantial change of circumstances warranting a modification of custody.”
Child abuse is a terrible thing, but when a terrible thing happens to a child, through no fault of the custodial parent, it cannot, without more, justify modification of custody. Shelley v. Shelley, 480 So.2d 166 (Fla. 1st DCA 1985), rev. denied, 491 So.2d 280 (Fla.1986) (reversing a modification of custody because there was no showing that the mother had caused the child’s emotional problems which were the basis of the modification); Walden v. Walden, 483 So.2d 87 (Fla. 1st DCA 1986) (reversing a modification of custody because the child was insulated from knowledge of the mother’s alleged sordid misconduct); and In the Interest of J.J., 570 So.2d 1078 (Fla. 1st DCA 1990) (reversing a finding of dependency because of sexual abuse by the mother’s boyMend where the mother was in no way responsible).
Undoubtedly the trial judge was heavily influenced by the fact that the children “thrived” in the father’s care since he was given temporary custody following the allegations of child abuse. While that may well be the case, there has been no finding that the mother is any less fit a parent than she was at the time she got custody in 1990, or that her continued custody would have a detrimental effect on the children. Elkins v. Vanden Bosch, 433 So.2d 1251 (Fla. 3d DCA 1983).
Reversed.
ANSTEAD and GUNTHER, JJ., concur.