GRIFFIN, Judge.
We find no error in the civil contempt order appealed save in the provision that appellant shall be incarcerated automatically if he fails in the future to meet each installment under the court’s purge schedule, or if he fails to make alimony or insurance premium payments due in the future. When a trial court elects to use the coercive benefits of civil contempt rather than retributive force of criminal contempt and further sets a schedule of due dates in the future for payment of arrearages, upon a party’s failure to meet the schedule, the court must conduct a hearing to determine appellant’s present ability to make each installment due. In the present case, given the appellant’s substantial and predictable income, this proof should not be difficult, but it must be done in a hearing conducted for this purpose. Given the facts set forth in the court’s order, criminal contempt is an alternative vehicle available to the court to punish the appellant’s “persistent refusal to comply with the clear order of the court,” but, again, the procedures appropriate to that remedy must be followed.
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON and THOMPSON, JJ., concur.