GRIFFIN, Judge.
This case went to trial below on Mr. An-toniak’s motion to modify the parties’ visitation schedule and his motion for contempt because of Ms. Antoniak’s failure to pay child support for the parties’ minor son, Sergius. Ms. Antoniak filed her own motion for modification asking for custody of Sergius, a motion for contempt for Mr. Antoniak’s alleged violation of the final judgment, and a claim for damages relating to the marital home.
These motions were heard for a total of seven hours in one to two hour segments on three different days. During the hearing, the court heard from eight witnesses, including husband and wife. Their testimony concerned both husband’s motion for contempt and visitation, as well as the motions and claim filed by wife. On cross-examination, wife was permitted to treat each of the witnesses as if they were on direct examination, and she examined them fully. In addition, wife’s expert witness, a psychologist, was permitted to testify out of order.
The court terminated the hearing at the close of the third day, saying that the parties would have to submit any additional information in writing within five days. At the point at which the court terminated the hearing, wife had not yet called any witnesses except the psychologist. After receipt of the written submissions, the trial court granted husband’s motion for contempt and change of visitation and awarded husband attorney’s fees. He denied the relief sought by wife.
On appeal, wife claims she was denied a fair hearing. Husband argues that wife did not object at the hearing to its termination, but there was no true opportunity to do so. The trial court was quite clear that it intended no further hearing. In her written submission, wife requested an opportunity to present additional live testimony from her boyfriend, a teacher and members of her family to verify that her husband had interfered with her visitation with Sergius, to rebut the husband’s allegations of abuse by her boyfriend and to testify that husband had obstructed family visitation. Although most of the proffered evidence appears to be of marginal value compared to the evidence that was presented to the court, at least some of this testimony does not appear to be cumulative. After reviewing the record, we understand why the court’s patience was exhausted but we are obliged to agree with wife that the trial court improperly restricted the full and fair presentation of her case. Shaw v. Shaw, 455 So.2d 1156 (Fla. 5th DCA 1984).
*945 If, after remand, wife’s presentation of the proffered evidence does not alter the outcome, the lower court is reminded that contempt findings are required by section 61.14, Florida Statutes (Supp.1992). (“The court shall state in its order the reasons for granting or denying the contempt.”). The court should also comply with the requirements of Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). We also note, for the court’s benefit, that an order which provides for automatic incarceration upon the filing of an affidavit is improper unless it contains a provision for a hearing prior to incarceration for non-payment. Cowan v. Cowan, 635 So.2d 1069 (Fla. 5th DCA 1994). Finally, need and ability to pay are appropriate to consider in connection with an attorney’s fee award and appropriate findings should be made. Abernethy v. Fishkin, 638 So.2d 160 (Fla. 5th DCA 1994).
REVERSED and REMANDED.
HARRIS, C.J. and W. SHARP, J., concur.