687 So.2d 1385 (1997)
Kelly J. BARTOLOTTA, Appellant,
v.
Joseph BARTOLOTTA, Appellee.
No. 95-1600.
District Court of Appeal of Florida, Fourth District.
February 26, 1997.
*1386 Kayo E. Morgan, Attorney at Law, Fort Lauderdale, for appellant.
Richard H. McDuff and H. James Montalvo of Johnson, Anselmo, Murdoch, Burke & George, P.A., Fort Lauderdale, for appellee.
GUNTHER, Chief Judge.
Appellant appeals an order modifying custody of the parties' children. We reverse.
In 1991, the trial court modified the original custody order of the parties' three children, changing custody from Appellant, Kelly Bartolotta ("Mother"), to Appellee, Joseph Bartolotta ("Father"). On appeal, we reversed, ordering that custody remain with the Mother. In re H.B., 627 So.2d 1331 (Fla. 4th DCA 1993). Because the children were not returned to the Mother within the month following our decision, the Mother filed a motion to enforce our mandate. A few days later, the Father in turn renewed his petition for modification and requested retention of custody pending the trial court's decision on his renewed petition. After final hearing on the renewed petition, the trial court again granted change of custody from the Mother to the Father. It is this order that is the subject of this appeal.
On appeal, the Mother submits that she cannot afford to file transcripts in this case. Ordinarily, the absence of transcripts in factually intense cases, such as child custody cases, requires us to affirm. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979); Sullivan v. Sullivan, 668 So.2d 329 (Fla. 4th DCA 1996). Here, however, because the Mother's arguments focus only upon the legal insufficiencies of the Father's renewed petition and the trial court's findings, consideration of this case on its merits is proper. Hirsch v. Hirsch, 642 So.2d 20 (Fla. 5th DCA 1994); Fenner v. Fenner, 599 So.2d 1343 (Fla. 4th DCA), rev. denied, 613 So.2d 3 (Fla.1992). Thus, we proceed on the assumption the trial court's findings are true. Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990).
While a custody order should not be disturbed absent abuse of discretion, a trial court has far less discretion in modifying a custody order than in making the original determination. E.g., Smoak v. Smoak, 658 So.2d 568 (Fla. 1st DCA 1995). To justify modification, the noncustodial parent carries an "extraordinary burden" to prove the occurrence of a substantial and material change in circumstances since the original custody order's entry. E.g., Kelly v. Kelly, 642 So.2d 800 (Fla. 2d DCA 1994), rev. denied, 651 So.2d 1194 (Fla.1995). Additionally, the noncustodial parent must show that modification would promote the children's welfare. Id.
*1387 The Mother argues, inter alia, that the Father's modification petition is legally inadequate because it fails to allege the occurrence of a substantial and material change. In the absence of a properly pled modification petition, it is error to enter a modification order. Blender v. Blender, 623 So.2d 544 (Fla. 4th DCA 1993). Further, if the noncustodial parent fails to allege that a substantial and material change has occurred and the trial court fails to make a similar finding, the modification order should be reversed. Evans v. Evans, 490 So.2d 1035 (Fla. 1st DCA 1986).
Here, the Father's petition is void of any specific allegations of substantial and material changes in circumstance. While the Father alleged that the Mother abused the children and became a "less fit" parent, these allegations might be construed as intending to allege substantial or material changes only by affording the widest possible latitude. Regardless, were we to consider these allegations legally sufficient, the trial court failed to squarely address these allegations in its order.
First, no mention of abuse is made in the order, indicating that the trial court did not rely upon this allegation as a factor in modifying custody. Second, although the Father seemed to allege that the Mother became "less fit" of a parent than she was at the time of the original custody order, the trial court focused on whether the Mother was a "less fit" parent than the Father. Of course, had the trial court found that the Mother's parental fitness deteriorated to the children's detriment since originally being awarded primary custody, its order might withstand appellate scrutiny. See Wilson v. Wilson, 504 So.2d 1278 (Fla. 1st DCA 1986). Instead, however, the trial court compared the Mother's parenting skills against the Father's parenting skills. This type of comparison is legally insufficient to support a modification order because it does not create a basis for a substantial change in circumstances. Stern v. Rey, 616 So.2d 145 (Fla. 2d DCA 1993); Bryant v. Meredith, 610 So.2d 586 (Fla. 2d DCA 1993). Thus, the trial court's findings regarding the Mother's fitness as a parent are irrelevant and legally insufficient to justify modification. Holmes v. Greene, 649 So.2d 302 (Fla. 1st DCA 1995); Grumney v. Haber, 641 So.2d 906 (Fla. 2d DCA 1994).
Further, the trial court's other findings are themselves insufficient as a matter of law, notwithstanding the fact that they appear to improperly exceed the scope of the Father's allegations. See Blender, 623 So.2d at 544. Although the trial court found otherwise, the relative stability of a parent's home environment is itself inadequate to constitute a substantial and material change. E.g., Miller v. Miller, 671 So.2d 849 (Fla. 5th DCA 1996); Bryant, 610 So.2d at 588. Likewise, concluding that the Mother had "poor" parenting skills sufficient to justify modification was an abuse of discretion, as relatively minor mistakes usually associated with parenting, as found here, are not considered substantial and material changes in circumstance. Bridges v. Bridges, 625 So.2d 93 (Fla. 1st DCA 1993); Stern, 616 So.2d at 146; Jablon v. Jablon, 579 So.2d 902 (Fla. 2d DCA 1991).
In sum, the facial inadequacy of the Father's petition and the legal insufficiency of the trial court's order, which was not confined to the Father's allegations, are apparent.[1] Modifying custody under these circumstances is an abuse of discretion, especially considering that the modification order drastically altered and severely limited the Mother's contact with the children. Bryant, 610 So.2d at 589. Therefore, we reverse the trial court's modification order, specifically instructing the trial court to immediately return the children to the Mother's custody as primary custodial parent in accordance with the original custody order and our previous *1388 mandate. See In re H.B., 627 So.2d 1331 (Fla. 4th DCA 1993).
REVERSED.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] In November 1996, we relinquished jurisdiction for thirty days and directed the trial court to make specific findings of fact to support its conclusion that there had been a substantial change in circumstances to occasion a change of custody. The trial court did not comply with that order. In January 1997, we further relinquished jurisdiction and said, "Failing compliance by the trial court at the end of same relinquishment period, the court will take such action as it deems appropriate on the merits." The trial court again failed to comply with that order.