PER CURIAM.
We affirm the final judgment for attorney’s fees and costs arising from a contempt proceeding against appellants. Based on a review of the entire record, we find that the trial court did not abuse its discretion. The hearing on attorney’s fees commenced on March 7, 1996. Because the hearing did not finish, it was rescheduled. The trial court asked appellant’s attorney how long he needed to complete his case, and he indicated that he needed about three hours more. On May 23, 1996, the second day of the hearing, the trial court again granted a continuance to allow appellant’s attorney to review documentation and conduct discovery, so that limited hearing time would not be used to conduct a discovery deposition. Eventually, the trial court reset the case for October 21,1996 and ordered there would be no further continuances.
On October 21, appellant’s attorney cross-examined one witness for six hours. At 4:20 p.m., the trial court announced that the hearing on attorney’s fees would conclude in 10 *614 minutes. Appellant’s attorney claimed that he had evidence to present on his side of the case. However, when pressed, appellant’s attorney waffled on whether he had any witnesses. Finally, he said that he would put on his client “in mitigation” and could continue the hearing “as late as [the judge] want[s] to go.” The attorney did not seek to proffer the contents of the testimony he sought to present. Testimony concluded promptly at 4:30 p.m.
Appellant was given 15 minutes for closing argument. His attorney used the time to complain that the court had denied appellant fundamental due process; to argue that the evidence in support of fees was insufficient; to urge that the decision should be deferred until the conclusion of a related civil trial, and to catalogue the history of the trial court’s alleged bias against his client. Nowhere in the argument did the attorney proffer the additional testimony he wished to present.
Any error in cutting off further testimony at 4:30 p.m. was not preserved, because of appellant’s failure to proffer the testimony he was seeking to present. See Nixon v. State, 694 So.2d 157 (Fla. 4th DCA 1997); Roberts v. Holloway, 581 So.2d 619, 621 (Fla. 4th DCA 1991); § 90.104(1)(b), Fla. Stat. (1997). The trial court’s decision to terminate cross examination was within its power to “exercise reasonable control over the mode ... of the interrogation of witnesses and the presentation of evidence, so as to ... [facilitate, through effective interrogation and presentation, the discovery of the truth” and “[a]void needless consumption of time.” § 90.612(1)(a) & (b), Fla. Stat. (1997). The admission of the summary into evidence was harmless error in light of the time allowed counsel to obtain and examine supporting documentation. See Stokus v. Phillips, 651 So.2d 1244 (Fla. 2d DCA 1995); Batlemento v. Dove Fountain, Inc., 593 So.2d 234 (Fla. 5th DCA 1991).
STONE, C.J., GROSS, J., and DAKAN, STEPHEN L., Associate Judge, concur.