731 So.2d 152 (1999)
Miguel GEROV, Appellant,
v.
Donna HOLTER, Appellee.
No. 98-2654.
District Court of Appeal of Florida, Fourth District.
April 28, 1999.
Steven Warm, Boca Raton, for appellant.
David A. Riggs and Ryna E. Mehr of Hunt, Cook, Riggs, Mehr & Miller, P.A., Boca Raton, for appellee.
STONE, C.J.
We affirm, except as to an award of attorney's fees, a final judgment permitting the appellee/mother's request to relocate the parties' children.
The parties were divorced in 1992. The settlement agreement named the mother as primary residential custodian of their two children and gave the father liberal visitation. The agreement also provided that:
Neither party shall remove the children from South Florida (Palm Beach, Broward, Dade Counties) at any time without the consent of the other parent for a period in excess of fourteen days. If the parties cannot agree on the terms for such a removal the matter shall be decided *153 by the court on appropriate application.
Subsequently, the mother remarried and informed the father that she and her new husband wished to relocate. The father petitioned the court to clarify aspects of the visitation order, claiming that the parties were interpreting various provisions of the visitation agreement differently. He also sought modification of the visitation schedule. The mother counterclaimed, seeking court permission to relocate the children to North Carolina.
In entering its order permitting relocation, the trial court concluded that the provision was not a restriction on relocation. In its order on the motion for rehearing, the court provided the following clarification:
[T]he property settlement agreement in paragraph 5.2 basically said that if the parties could not agree on a relocation move then they should come to court to have a decision made by the court as to that issue. Therefore, the Court finds that it is not an absolute restriction but in fact is a limitation on relocation to the extent that the Court has to make ultimate decisions if the parties cannot agree.
The trial court further considered the factors set forth in section 61.13(2)(d), Florida Statutes (1997), and found that the move would greatly improve the quality of life for both the mother and children. The court ruled in favor of relocation due to the husband's employment opportunity, the mother's ability to stay at home, the proximity of the mother's family, the father's willingness to incur the expense of transporting the children for vacation and the lower cost of living. The court also modified the visitation order, permitting visitation during spring break, four consecutive weeks during the summer, a week during winter break, alternating Thanksgiving or Labor Day holidays, and one weekend per month at the children's residence.
We note that prior to existing changes in section 61.13(2)(d), Mize v. Mize, 621 So.2d 417, 420 (Fla.1993), had required that where an agreement creates such a restriction, the relocating parent must establish that a substantial change in circumstances justifies the relocation. A question therefore arises whether, in light of changes to section 61.13(2)(d), Florida Statutes, subsequent to Mize, such a restriction places a burden on the mother to show a substantial change in circumstances. The statute now states:
No presumption shall arise in favor of or against a request to relocate when a primary residential parent seeks to move with the secondary residential parent. In making a determination as to whether the primary residential parent may relocate with a child, the court must consider the following factors:
1. Whether the move would be likely to improve the general quality of life for both the residential parent and the child.
2. The extent to which visitation rights have been allowed and exercised.
3. Whether the primary residential parent, once out of the jurisdiction, will be likely to comply with any substitute visitation arrangements.
4. Whether the substitute visitation will be adequate to foster a continuing meaningful relationship between the child and the secondary residential parent.
5. Whether the cost of transportation is financially affordable by one or both parties.
6. Whether the move is in the best interests of the child.
The statute does not appear to address the placement of the burden of proof on the custodial parent where the parties' agreement, incorporated in the initial judgment, contains a relocation restriction. The statute is silent with respect to the burden of proof. See Bartolotta v. Bartolotta, 703 So.2d 1229, 1230 (Fla. 4th DCA 1998). We also note that although found by the trial *154 court here, the statute is not framed in terms of requiring the moving parent to show a substantial change in circumstances.
However, we need not resolve the outstanding burden of proof issue, on change in circumstances in the face of a prior agreement, as the judgment in this case should be affirmed in any event. Substantial competent evidence in this record supports the trial court's finding with respect to all six factors set forth in the statute and establishes that a substantial change in circumstances justifies the relocation. See Landingham v. Landingham, 685 So.2d 946, 949 (Fla. 1st DCA 1996); MacConnell v. Cascante, 668 So.2d 668, 669-70 (Fla. 4th DCA 1996).
We reverse, in part, as to the reservation for an award of attorney's fees, which is not supported by the record. There is no evidence concerning greater need or ability to pay. In any event, there was no attorney's fee provision in the initial judgment, and the agreement between the parties provides:
Each party shall be responsible for their own counsel fees and costs with respect to the agreement, litigation to date and any future proceedings in furtherance hereof.
As to all other issues raised, we also affirm.
WARNER and GROSS, JJ., concur.