WARNER, J.,
dissenting.
I dissent. The evidence presented at the petition for modification did not show that a substantial change of circumstances has occurred to warrant a change from supervised visitation to unsupervised visitation. While the father has sought treatment for his addiction, he continues to engage in addictive behaviors, even with therapy, which both he and his second wife admitted. Neither of the experts who testified for the father knew of his continued behavior. In fact, his treating therapist testified that the father had told him that he had not engaged in these behaviors, even though the father admitted at trial that he had. The court’s findings to the contrary are simply not supported by competent substantial evidence.
This court recently addressed the appropriate standard of review of an order modifying custody:
The party seeking to modify a custody order bears an “extraordinary burden” to satisfy the “substantial change in circumstances” test.... Notwithstanding the movant’s extraordinary burden, a trial court’s order changing custody enjoys a presumption of correctness on appellate review and will not be disturbed absent a showing of abuse of discretion- However, it is well-settled that a trial court’s authority and discretion in a modification proceeding is substantially more restricted than at the time of the original custody determination.
Sanchez, 45 So.3d at 61-62 (Fla. 4th DCA 2010) (citations omitted). The “noncustodial parent must show that modification would promote the children’s welfare.” Bartolotta v. Bartolotta, 687 So.2d 1385, 1386 (Fla. 4th DCA 1997).
The father did not meet his extraordinary burden and did not show that a change would promote the children’s welfare. In fact, there is nothing in the record to suggest that the children’s welfare would be enhanced in any way by permitting unsupervised visitation.