ZEHMER, Judge.
Anthony Adell Williams appeals a final order denying his motion to modify the final judgment of dissolution so as to designate him the primary physical residential parent of his minor daughter, and granting his former wife’s request to relocate the child from Germany to England for a period of three years. We reverse.
In February 1988, the trial court entered the final judgment designating Ms. Houston, the mother and former wife, as the primary physical residential parent of the parties’ minor daughter. The judgment prohibited her from removing the child from Florida without prior court approval and required that she keep Mr. Williams informed of the child’s welfare, address, and telephone number. Less than two months later, Ms. Houston made her first request for court approval to move the child from Florida to Mississippi so that the child could reside with Ms. Houston and her new husband, a member of the Air Force. On May 5, 1988, the trial court granted Ms. Houston’s request, but ordered additionally that Mr. Williams’s visitation rights remain in full force and effect. The order also required further court approval for any additional move of the child. In October 1988, Mr. Williams wrote a letter to the court complaining that he was having difficulty in contacting his daughter due to interference by Ms. Houston and her present husband and requesting a hearing on the matter. Ms. Houston subsequently requested court approval to remove the child from Mississippi to Oklahoma. In February 1989, the trial court granted Ms. Houston’s request to move the child, modified Mr. Williams’s visitation schedule, and ordered Ms. Houston to allow the child to receive correspondence, telephone calls, and gifts from her father.
*391 In June 1989, Mr. Williams wrote another letter to the court complaining that Ms. Houston had not complied with the visitation schedule and requesting custody of the child and a hearing. In September 1989, Ms. Houston requested court approval to move the child from Oklahoma to West Germany so that she could accompany her husband on his tour of duty there. The trial court granted the request and again modified Mr. Williams’s visitation schedule to provide a six-day visit with the child, which was his first visit since immediately prior to the entry of the dissolution judgment in February 1988. Mr. Williams’s deployment in Operation Desert Storm prevented his visitation with his daughter in the summer of 1990. However, he visited with the child during the summer of 1991 and again during the summer of 1992.
On September 3, 1992, Ms. Houston filed a motion for contempt, alleging that Mr. Williams had advised her that he would not return the child at the end of the current visitation. She also filed a supplemental petition for modification and entry of an order restricting Mr. Williams’s visitation to her house. Mr. Williams filed an answer to the petition and a motion to modify the dissolution judgment, requesting custody of the child due to a substantial change in the circumstances of the parties since the entry of the dissolution judgment. He cited Ms. Houston’s several relocations within the United States, her relocation to Germany because of her husband’s military assignment, and her husband’s request and receipt of a three-year tour of duty in England, contending that her frequently recurring moves and continued residence overseas would effectively destroy any parent-child relationship between Mr. Williams and his daughter. After a hearing on these matters, the trial court entered an order (1) denying Ms. Houston’s motion for contempt and motion to modify the dissolution judgment to restrict visitation; (2) denying Mr. Williams’s motion to modify custody for the reason that no substantial change in circumstances had been shown; (3) granting Ms. Houston’s “request” [1] to relocate to England; (4) modified Mr. Williams’s visitation schedule; and (5) ordered Ms. Houston to seek and obtain counseling for the minor child and to follow the therapist’s recommendations.
Mr. Williams contends on this appeal that the trial court abused its discretion in allowing Ms. Houston to relocate their daughter to England and in finding that he has failed to demonstrate a substantial change of circumstances sufficient to warrant a change in custody of his daughter. He argues that a substantial change in circumstances is shown by the facts that Ms. Houston has moved the child three times previously in and outside the United States, that she has interfered with his visitation with his daughter, that his daughter now has a new sibling by him and his present wife, and that a therapist has recommended that it would be in the best interest of the daughter to remain with her father, at least on a temporary basis, for the school year. Ms. Houston has not appeared and filed a brief in response to these arguments.
We agree that these circumstances shown in this record are legally sufficient to establish a substantial change in circumstances and that the trial court abused its discretion in ruling otherwise. In Fabre v. Levine, 618 So.2d 317 (Fla. 1st DCA 1993), this court recently stated:
Restriction on the removal of children from a particular area may be necessary to preserve parental rights, and the courts retain the power to restrict movement of children out of a particular county or state. There is no restriction on a change in residence unless a restriction is contained in the final judgment of dissolution, and, even then, the custodial parent is not barred from obtaining modification upon a showing of a substantial change in circumstances, and that it would be in the best interests of the child or children to relocate. McIntyre v. *392 McIntyre, 452 So.2d 14, 20 (Fla. 1st DCA 1984). See also Cole v. Cole, 530 So.2d 467, 468 (Fla. 5th DCA 1988).
Id. at 318. See Costa v. Costa, 429 So.2d 1249 (Fla. 4th DCA 1983). In Jones v. Vrba, 513 So.2d 1080 (Fla. 5th DCA 1987), the court held that a mother’s desire to permanently relocate her son from Florida to Washington, D.C., thereby severely restricting contact between the father and son, was a substantial, material change in circumstances that warranted a change in custody where the move was against the parties’ intent at the time of the dissolution and the mother failed to show any bona fide reason for the removal except her desire to be with her new spouse and travel with him as his military career required. The same circumstances are shown by the record in this case.
Additionally, we must also note that the trial court failed to make any findings concerning whether the relocation of the child for a fourth time from Germany to England for a three-year period would be in the child’s best interest, even though evidence on this issue was presented by Mr. Williams.[2] Fabre v. Levine. The primary concern of the court must be the best interests of the child, and the decision thereon must be based on the evidence of record.
We reverse the rulings in the order under review that denied Mr. Williams’s motion for modification of the custody provisions and granted Ms. Houston’s request to move the daughter to England. The other rulings in that order are not disturbed. This case is remanded with directions to determine, based on expressed findings of fact supported by the record, whether the relocation of the daughter to England or a change of primary residence to her father is in the child’s best interest. Ordinarily, on such remand the trial court would have discretion to receive additional testimony on this issue. Because, however, this issue has been pending so long in the court system and is in need of immediate resolution to serve the best interests of the child, the trial court is directed to make its ruling based on the record now before the court unless it is expressly determined and explicated by the trial court that the issue cannot be fairly decided without taking further evidence.
REVERSED AND REMANDED.
ERVIN and WEBSTER, JJ., concur.

. The record indicates that Ms. Houston made no motion or request to relocate the child to England prior to this hearing. Apparently, this issue was first raised in Mr. Williams’s motion to modify custody.

. For example, Mr. Williams presented the testimony of a family clinical social therapist who opined that it would be in the child’s best interest to remain with her father at least temporarily, because she had anxieties and fears about residing with her mother and stepfather. Additionally, the therapist testified that the mother and stepfather administered whippings to the daughter when she got bad grades in school, which was inappropriate to deal with the problem.