PER CURIAM.
The appellant challenges the order by which the trial court dismissed her emergency motion for temporary relief and her petition for modification in which she sought permission to relocate with the parties’ minor children. The trial court has apparently misconstrued the intent of a provision in the final judgment of dissolution of marriage that restricted the appellant from relocating while she was the primary custodial parent. “The principle of law is well settled in this state that the trial court is vested with jurisdiction, upon a proper showing, to modify at any time an order or decree touching the custody, maintenance and support of minor children within its jurisdiction.” Beasley v. Beasley, 154 So.2d 874 (Fla. 1st DCA 1963). And if a final judgment of dissolution incorporates a prohibition against the relocation of the primary custodial parent with the children, the court may later modify *454 that restriction, upon a proper showing. Landingham v. Landingham, 685 So.2d 946 (Fla. 1st DCA 1996). Thus, in the instant case, the trial court should not construe the provisions at issue as mandating an automatic change in custody, or as barring any future modification of the relocation restriction or future determination of the children’s best interests. Accordingly, we reverse the order under review and remand this case for further proceedings on the appellant’s motion and petition. We note, however, that a move or a definite plan to move by the primary custodial parent, taking into account all other appropriate factors, may constitute a substantial change in circumstances that warrants a transfer in custody, if requested, to the noncustodial parent. See Williams v. Williams, 619 So.2d 390 (Fla. 1st DCA 1993); Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991).
ERVIN, BOOTH and ALLEN, JJ., concur.