832 So.2d 878 (2002)
Susan KENDALL, Appellant,
v.
David KENDALL, Appellee.
No. 4D02-2020.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
*879 Colin C. Cushnie of Colin C. Cushnie, P.A., Port St. Lucie, for appellant.
William F. Gallese of William F. Gallese, P.A., Port St. Lucie, for appellee.
STEVENSON, J.
In this appeal, Susan Kendall challenges an order granting the former husband's emergency motion for temporary modification of custody of the couple's daughter. Despite the discretion afforded trial judge's in child custody matters, we reverse.
The father's "emergency" motion alleged (1) that the mother had conducted herself "in a manner inconsistent with the best interests of the child" by continuing to change addresses, becoming pregnant, getting married and, then, filing for divorce shortly thereafter; (2) that the mother put their child on a plane, alone, without instructing the father where the child would be; (3) that the mother was alienating the child and refusing to allow phone visitation; and (4) that following her spring break visit with him, their daughter did not wish to return to her mother. Following an evidentiary hearing, the trial judge granted the father's motion. While the judge found that the wife had mishandled the child's visitation with her father, he did not believe that this was sufficient to justify a change of custody. Instead, the judge found that the change of custody was warranted because "more stability" exists for the child with the father. As support for his decision, the judge pointed to the facts that the mother had moved out of her parents' home and the mother was pregnant and in the middle of divorce proceedings"problems" that the judge believed would be resolved by the time of the final custody hearing.
In order to obtain a temporary modification of custody, the moving party must establish (1) that there has been a substantial change in the condition of one or both parties and (2) that the change in *880 custody serves the best interests of the child. See Matin v. Hill, 801 So.2d 1003, 1004 (Fla. 4th DCA 2001). It is equally as true that "[f]requent moves, a less stable lifestyle, [and] even poor relationship choices standing alone may not support a custody modification where the residential parent has moved out of necessity, has subsequently established a stable home, and the child's needs have always been met." Sullivan v. Sullivan, 736 So.2d 103, 105 (Fla. 4th DCA 1999); see also Blosser v. Blosser, 707 So.2d 778 (Fla. 2d DCA 1998); Kelly v. Kelly, 642 So.2d 800 (Fla. 2d DCA 1994); Grumney v. Haber, 641 So.2d 906 (Fla. 2d DCA 1994).
Here, the only evidence at the hearing was that although the mother had moved frequently, by the time of the hearing she had rented a two bedroom apartment for herself and her daughter. Moreover, there was no testimony that the child had suffered any adverse consequences as the result of the changes in her life. Instead, the child's kindergarten teacher and the instructor of her advanced reading program testified that she was doing well in school, exhibited no behavior indicating that she was unhappy, and appeared to have a good relationship with her mother. In short, the reasons advanced by the judge and the evidence presented at the hearing simply cannot support the temporary custody modification. Accordingly, the order granting the former husband's emergency motion for temporary custody modification is reversed.
REVERSED and REMANDED.
KLEIN and TAYLOR, JJ., concur.