PER CURIAM.
This is a timely appeal of the trial court’s order denying (pending final hearing) the mother’s request to relocate with the parties’ minor child, for whom she had been designated primary residential parent when the parties’ marriage was dissolved; and granting (pending final hearing) the father’s request to modify custody. We reverse the modification of custody, vacate denial of the relocation request, and remand for an immediate final hearing on the mother’s relocation request.
A parent requesting modification of primary residential custody of a child carries the burden to show “that the parties’ circumstances have changed substantially since the entry of the last order addressing custody and that a change in custody would be in the best interest of the child.” Young v. Young, 732 So.2d 1133, 1134 (Fla. 1st DCA 1999). See Kendall v. Kendall, 832 So.2d 878, 879-80 (Fla. 4th DCA 2002) (applying same standard to temporary custody modification request); Glover v. Glover, 820 So.2d 324, 324 (Fla. 5th DCA 2001) (same). Mr. Luther did not meet this burden. Accordingly, we reverse the trial court’s grant of his request to modify custody for failure to prove substantial change in circumstances. See, e.g., Kelly v. Kelly, 642 So.2d 800 (Fla. 2d DCA 1994) (holding evidence of changed circumstances insufficient, where mother had moved and changed jobs five times and had lived with boyfriend, where there was no evidence that mother was not meeting daughter’s needs, and where evidence showed that mother had begun more secure and permanent living arrangement); Kendall, 832 So.2d at 879 (reversing temporary custody modification because evidence that mother moved frequently was insufficient when no evidence was presented that the child had suffered any adverse consequences as a result).
Because the custody modification was in error and the denial of the mother’s relocation request appears to have been predicated on the custody determination, we vacate the portion of the order denying (pending final hearing) the mother’s relocation request. The trial court should promptly schedule a hearing on Mrs. Young’s request to relocate so that the question can finally be resolved. See Brown v. Brown, 790 So.2d 453, 454 (Fla. 1st DCA 2001) (holding relocation request may be granted upon a proper showing despite stipulation in dissolution judgment prohibiting wife from relocating while she was primary custodial parent). On remand, in deciding whether Mrs. Young *1100 may relocate with the parties child, the trial court should consider the relocation factors set forth in section 61.13(2)(d), Florida Statutes. See Wilson v. Wilson, 827 So.2d 401, 402 (Fla. 2d DCA 2002) (reversing for application of the correct standard for relocation under section 61.13(2)(d), where it was not clear whether the statute had been applied); Garone v. Parks, 668 So.2d 307, 308 (Fla. 4th DCA 1996) (holding same standard should be used for deciding temporary and permanent relocation requests).
REVERSED in part, VACATED in part, and REMANDED for final decision of Mrs. Young’s relocation request.
BARFIELD, BENTON, and VAN NORTWICK, JJ., CONCUR.