DAMOORGIAN, J.
 

 Ingrid Bon (the “former wife”) challenges an order granting Nestor Rivera’s (the “former husband”) emergency motion for temporary change of custody of the parties’ minor children. We reverse the trial court’s order because the former husband did not allege nor did the trial court find that there has been a substantial change in circumstances.
 
 See Kendall v. Kendall,
 
 832 So.2d 878, 879-80 (Fla. 4th DCA 2002) (citing
 
 Matin v. Hill,
 
 801 So.2d 1003, 1004 (Fla. 4th DCA 2001)).
 

 The former husband and former wife were married in 1996 and have two minor children together. When they divorced in 2006, the trial court incorporated their Marital Settlement Agreement (MSA) into the Final Judgment Dissolving Marriage. The MSA provides that the former wife is the children’s primary residential parent subject to the former husband’s reasonable and liberal visitation rights. At the time of the divorce, the former wife lived in Miami-Dade County and the former husband lived in Broward County. In July 2008, the former wife accepted a new job at the South Florida Water Management District in West Palm Beach, Florida. Shortly thereafter, on July 17, 2008, the former wife emailed the former husband to notify him that she accepted the new job and she intended to move the children to West Palm Beach.
 

 On July 20, 2008, the former wife and the children began temporarily residing in a hotel in West Palm Beach during the week and returning to Miami-Dade County on the weekends. Following this move, the former husband filed an Emergency Motion for Temporary Change of Custody, Child Support, and Attorney’s Fees. In that motion, he also asserted that the former wife’s move violated the provision in the parties’ MSA concerning the relocation of the parties’ minor children. At issue
 
 *195
 
 was a provision in the MSA that stated that neither party shall relocate the children from Miami-Dade County, Broward County, or the southern portion of Palm Beach County without the other party’s consent or an order from the court.
 

 After a hearing on this matter, the trial court entered an order temporarily granting the former husband primary residential custody of the children and defining the term “southern portion of Palm Beach County.” The former wife now appeals. We only address whether the trial court properly modified custody.
 

 The standard for reviewing a trial court’s ruling on a motion to modify custody is abuse of discretion, although the trial court has much less discretion to modify a custody order than it enjoys in making the original custody determination.
 
 San Marco v. San Marco,
 
 961 So.2d 967, 970 (Fla. 4th DCA 2007);
 
 Sullivan v. Sullivan,
 
 736 So.2d 103, 105 (Fla. 4th DCA 1999).
 

 The former wife argues that the trial court abused its discretion by temporarily modifying the custody arrangement in the MSA even though there was no true emergency. Her reliance on the “true emergency” test, however, is misplaced. That test applies in very limited circumstances, such as where a child is threatened with physical harm or is about to be improperly removed from the state.
 
 See, e.g., Gielchinsky v. Gielchinsky,
 
 662 So.2d 732, 733 (Fla. 4th DCA 1995). Where there is evidence of a true emergency, a trial court may enter an order temporarily modifying custody without affording prior notice to the opposing party.
 
 Smith v. Glider,
 
 932 So.2d 393, 398 (Fla. 2d DCA 2006). Here, the former husband presented no evidence of a true emergency and the former wife received prior notice of the former husband’s motion for a temporary change in custody. Accordingly, the “true emergency” test does not apply.
 

 In order to obtain a temporary custody modification, the moving party must satisfy a two-part test by establishing through competent, substantial evidence that (1) there has been a substantial or material change in circumstances and (2) the modification is in the best interest of the child or children involved.
 
 Kendall v. Kendall,
 
 832 So.2d 878, 879-80 (Fla. 4th DCA 2002). To meet the “substantial change” prong of this test, there must be a “factual basis sufficient to show that conditions have become materially altered since the entry of the previous [custody] decree.”
 
 Wade v. Hirschman,
 
 903 So.2d 928, 933 (Fla.2005). The petitioning parent bears an extraordinary burden to prove a substantial change in circumstances.
 
 Osherow v. Osherow,
 
 757 So.2d 519, 522 (Fla. 4th DCA 2000).
 

 “In the absence of a properly pled modification petition, it is error to enter a modification order. Further, if the noncustodial parent fails to allege that a substantial and material change has occurred and the trial court fails to make a similar finding, the modification order should be reversed.”
 
 Bartolotta v. Bartolotta,
 
 687 So.2d 1385, 1387 (Fla. 4th DCA 1997) (citation omitted);
 
 see also Kilgore v. Kilgore,
 
 729 So.2d 402, 405 (Fla. 1st DCA 1998) (“A modification order should be reversed if the noncustodial parent fails to allege the occurrence of a substantial and material change of circumstances, and the trial court fails to make a finding to that effect.”).
 

 In this case, the former husband did not specifically allege, in either his motion for modification or at the hearing, that there has been a substantial change in circumstances since the final judgment dissolving the parties’ marriage. Moreover, the trial court did not make a finding of a substantial change in circumstances in support of
 
 *196
 
 its order modifying custody. Thus, the trial court erred in temporarily modifying custody of the parties’ children.
 

 We therefore reverse that portion of the trial court’s order granting temporary emergency custody to the former husband and affirm the trial court’s ruling on the definition of the southern portion of Palm Beach County. Our holding is without prejudice to the former husband bringing a properly pled petition for modification of custody.
 

 Affirmed, in part; Reversed in part
 

 GROSS, C.J., and FARMER, J., concur.