WELLS, Chief Judge.
Stefano Guizzardi appeals from a post-dissolution order granting his former wife Rosario Guizzardi’s petition to relocate the parties’ minor child to Lima, Peru. We reverse and remand with instructions.
On September 11, 2006, a final judgment of dissolution of marriage incorporating two settlement agreements was entered. Pursuant to the final judgment, the parties were to share parental responsibility with each parent to enjoy liberal visitation rights, the mother being deemed the primary residential parent once the child reached school age. The final judgment also provided that the child was not to relocate outside Miami-Dade or Broward Counties without the consent of both parents:
The Parties shall not relocate to an area outside of Miami-Dade or Broward county with the minor child. The Parties shall not permanently remove the minor child from Miami-Dade or Bro- *969 ward county without the knowledge and consent of the other parent.
On November 17, 2010, the mother filed a Notice of Intent to Relocate Child, requesting leave to relocate the child to Peru. Claiming best interests of the child at stake, she maintained that circumstances had changed since the divorce and that, while she had diligently pursued but ultimately had been unable to secure employment locally, she had obtained employment in Lima where her family lived. The notice also claimed that the father had not been able to financially support the child as ordered in the final judgment and that he was in arrears on his child-support obligations.
On June 7, 2011, the father moved to dismiss, arguing that the court below lacked subject matter jurisdiction because the mother relied on the wrong version of the Florida statutes governing relocation requests. The trial court rejected this argument and subsequently ruled that the mother had satisfied the requirements imposed by section 61.13001(7) of the Florida Statutes and that she would be allowed to relocate. The father claims here, as he did below, that because section 61.13001 is inapplicable to the instant controversy, the court below lacked subject matter jurisdiction to consider this relocation request. We disagree with this argument.
“ ‘[Subject matter] jurisdiction,’ in the strict meaning of the term, as applied to judicial officers and tribunals, means no more than the power lawfully existing to hear and determine a cause. It is the power lawfully conferred to deal with the general subject involved in the action.” MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000) (quoting Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994)) (citing Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927), for the proposition that “[s]ubject matter jurisdiction ‘concerns the power of the trial court to deal with a class of eases to which a particular case belongs’ ”). Relocation requests, whether made under section 61.13001 or the law preceding adoption of that provision, fall squarely within Chapter 61 of the Florida Statutes and the jurisdictional purview of the circuit courts. See § 61.13001(l)(b), Fla. Stat. (2009) (defining the term “Court” as used in section 61.13001 as “the circuit court in the county in which either parent and the child reside”); § 61.13001(7), Fla. Stat. (2009) (conferring authority on “the court” to order relocation following evaluation of the criteria listed therein); § 61.13(2)(d), Fla. Stat. (2005) (governing relocation requests from October 1, 2005, through September 30, 2006, and conferring jurisdiction on “the court” to adjudicate such requests); see also § 26.012(2)(c), Fla. Stat. (2004) (governing jurisdiction of the circuit courts stating that circuit courts have original jurisdiction “[i]n all cases in equity including all cases relating to juveniles”); see also Brown v. Broum, 790 So.2d 453-54 (Fla. 1st DCA 2001) (confirming that a circuit court had the authority to modify provisions of a final judgment prohibiting relocation).
Thus, while we agree that the trial court erred in applying section 61.13001 to the instant relocation request because that provision states that it applies to orders entered before October 1, 2009, if those orders “do[ ] not expressly govern relocation of the child,”[1] we cannot agree that *970 this error deprived the court below of jurisdiction to consider this relocation request. Nor can we agree that the instant order must be reversed because the court below determined that the criteria set forth in section 61.13001 had been met. That provision encompasses all of the requirements of the law previously governing relocation requests (section 61.13(2)(d)) and then some.
We do, however, reverse the order entered below because we are unable to discern from either the order or from the record whether a substantial change in circumstances has occurred to justify modifying the judgment at issue here:
[Tjhere is no restriction on change of residence by a custodial parent unless such a restriction is contained in the final judgment of dissolution, and even if such restriction does appear, the custodial parent is not barred from obtaining a modification-upon a showing of a substantial change in circumstances and that it would be in the best interests of the child-approving removal of the child from the state or jurisdiction.
McIntyre v. McIntyre, 452 So.2d 14, 20 (Fla. 1st DCA 1984); Mize v. Mize, 621 So.2d 417, 420 (Fla.1993) (concluding that in addition to consideration of the factors subsequently delineated in sections 61.13 and 61.13001 relating to best interests of the child, “in cases where the final judgment incorporates a prohibition against the relocation of the child thereby reflecting that the issue was litigated, the parent with the primary residential responsibility must show a change of circumstances in order to justify the relocation”); Lancaster v. Briley, 932 So.2d 549, 550-51 (Fla. 1st DCA 2006) (“In cases where a final judgment of divorce incorporates an express prohibition against relocation, the moving party must show a change of circumstances in order to justify relocation.”); MacConnell v. Cascante, 668 So.2d 668, 669-70 (Fla. 4th DCA 1996) (concluding that in addition to the Mize (or section 61.13 and 61.13001) factors, “where the final judgment incorporates a prohibition against the relocation of the child, the parent with primary residential responsibility must show a change of circumstances to justify the relocation”).
For this reason alone we reverse and remand for a determination as to whether this requirement has been met.
Reversed and remanded with instructions.

. Section 61.13001(11 )(a) 1. states that this provision applies "[t]o orders entered before October 1, 2009, if the existing order ... does not expressly govern the relocation of the child.” Added by Laws 2006, c. 2006-245, § 2, eff. Oct. 1, 2006. Amended by Laws *970 2008, c. 2008-61, § 9, eff. Oct. 1, 2008; Laws 2009, c.2009-21, § 5, eff. July 7, 2009; Laws 2009, c.2009-180, § 4, eff. Oct. 1, 2009.