DAMOORGIAN, J.
Laura Tullier (“Former Wife”) appeals the trial court’s final judgment, which granted Damien Tullier (“Former Husband”) unsupervised visitation with the parties’ children. The issue on appeal is whether the trial court erred when it modified Former Husband’s visitation of the parties’ children from supervised to unsupervised. We conclude that the trial court’s findings were supported by competent, substantial evidence that Former Husband demonstrated a substantial change in his circumstances warranting modification of visitation. We affirm.
In June 2005, after seven years of marriage and two children, the parties separated when Former Husband explained to Former Wife that he had an addiction. In November 2005, the parties were officially divorced. The final judgment of dissolution of marriage followed the marital settlement agreement (“MSA”) reached by the parties. It declared Former Wife the primary residential parent, and Former Husband would have supervised visitation with the children every other weekend in the home of the maternal grandparents, the wife, or the paternal grandparents.[1] The final judgment also called for both a psychological evaluation of Former Husband and allowed for a reevaluation of the supervised visitation after one year based on that evaluation. The MSA stated that if the expert evaluator determined that supervised visitation was no longer necessary, Former Husband could file a supplemental petition to modify the visitation.
*86 Eleven months after the dissolution of marriage, Former Wife sought a modification of the final judgment. Former Wife explained that her parents found supervision burdensome and uncomfortable, and that the paternal grandfather no longer could supervise the visitation. Former Husband answered Former Wife’s petition and filed his own counter-petition seeking modification of the final judgment to allow him unsupervised visitation. After reviewing the testimony and evidence presented by the parties, the court entered a supplemental final judgment, concluding that Former Husband should only have supervised visitation with the children. The trial court stated that there existed a real and present danger that the children would detrimentally be exposed to Former Husband’s addiction. It also found that the best interests of the children warranted that the visitation occur in a facility with professional supervisors rather than lay persons.
In February 2009, over a year after the entry of the supplemental final judgment, Former Husband filed his supplemental petition for modification of visitation, stating that he had undergone intensive therapy and counseling and was ready for a more regular parental access schedule with his minor children. Former Wife answered Former Husband’s petition and filed a counter-petition for modification, requesting sole parental responsibility.
In October 2010, a trial was held on both parties’ petitions. At trial, Former Husband presented numerous fact witnesses and two expert witnesses, who included: 1) Dr. Bollinger, a licensed mental health counselor, who testified that Former Husband did not have a relapse in his addiction and is continuing with therapy/counseling; 2) Dr. Gray, a licensed family therapist and mental health counselor who conducted twenty-eight therapy sessions with Former Husband, stated that Former Husband should begin unsupervised visitation; 3) an employee from Castle, the facility that supervised his visitation, who explained that Former Husband did not have any problems with his children during his supervised visitations; 4) Former Husband’s pastor, who spoke favorably about Former Husband’s participation in counseling and therapy at the church; 5) another member of Former Husband’s group therapy sessions, who verified Former Husband’s high attendance and regular participation during therapy sessions; and 6) Former Husband, who testified on his own behalf.
After assessing the credibility of both parties’ witnesses, the trial court entered a third amended final judgment,[2] concluding that Former Husband had “proven a substantial and material change in circumstances, and that a change to the timeshar-ing arrangement is in the best interests of the minor children.” The court found that it was time for Former Husband to begin his reunification process with his children, and Former Husband’s supervised time-sharing with his children was removed. In the ten-page final judgment, the court detailed the history of the proceedings, the evidence presented by the parties, and the changes in Former Husband’s circumstances. The relief sought by Former Wife was denied. This appeal follows.
Former Wife argues that the trial court erred in modifying Former Husband’s supervision of the children because the trial court’s decision was not supported *87 by substantial, competent evidence. We disagree.
Section 61.13(3), Florida Statutes (2010), provides:
For purposes of establishing or modifying parental responsibility and creating, developing, approving, or modifying a parenting plan, including a time-sharing schedule, which governs each parents relationship with his or her minor child and the relationship between each parent with regard to his or her minor child, the best interest of the child shall be the primary consideration. A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.
§ 61.13(3), Fla. Stat. (2010) (emphasis added). Although the movant has an extraordinary burden to satisfy the substantial change in circumstance test, “a trial court’s order changing custody enjoys a presumption of correctness on appellate review and will not be disturbed absent a showing of abuse of discretion.” Sanchez v. Hernandez, 45 So.3d 57, 62 (Fla. 4th DCA 2010) (citing Wade v. Hirschman, 903 So.2d 928, 935 (Fla.2005)). “In the absence of a properly pled modification petition, it is error to enter a modification order. Further, if the noncustodial parent fails to allege that a substantial and material change has occurred and the trial court fails to make a similar finding, the modification order should be reversed.” Bartolotta v. Bartolotta, 687 So.2d 1385, 1387 (Fla. 4th DCA 1997) (internal citation omitted).
Former Husband presented the testimony of two doctors licensed in mental health counseling. They explained that Former Husband did not have a relapse with his addiction, and he should begin unsupervised visitation with the children. Former Husband’s other witnesses testified that Former Husband was regularly attending and participating in therapy sessions, he was benefiting from therapy, and there were no problems with his current visitations with the children.
In Bon v. Rivera, 10 So.3d 193 (Fla. 4th DCA 2009), this Court reversed a trial court’s order granting temporary emergency custody to the former husband. Id. at 196. In reaching its holding, this Court reasoned:
[T]he former husband did not specifically allege, in either his motion for modification or at the hearing, that there has been a substantial change in circumstances since the final judgment dissolving the parties’ marriage. Moreover, the trial court did not make a finding of a substantial change in circumstances in support of its order modifying custody. Thus, the trial court erred in temporarily modifying custody of the parties’ children.
Id. at 195-96. Here, unlike Bon, Former Husband’s petition, the testimony from the 2010 trial, and the trial court’s final judgment demonstrate that there was a material and substantial change in circumstances supporting a modification of Former Husband’s visitation. We observe that the trial court’s consideration of the testimony and evidence presented by both parties was thorough and conscientious, and the order was detailed and clear. See Imami v. Imami, 584 So.2d 596, 597 (Fla. 1st DCA 1991) (“Regarding the issues raised by the former husband, we have carefully examined the record and the trial court’s rather detailed final judgment and find that the evidence adduced below amply supports the judgment.... ”); Brown v. Bd. of Trs., 369 So.2d 640, 640 (Fla. 3d DCA 1979). We will also not second guess *88 the trial court’s assessment of the witnesses’ credibility in this case. See Porter v. State, 788 So.2d 917, 923 (Fla.2001) (“We recognize and honor the trial court’s superior vantage point in assessing the credibility of witnesses and in making findings of fact.”); Estate of Despain v. Avante Grp., Inc., 900 So.2d 637, 643 (Fla. 5th DCA 2005); Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976) (“It is not the function of the appellate court to substitute its judgment for that of the trial court through reevaluation of the testimony and evidence from the record on appeal before it.”).
Moreover, the trial court found that it was in the best interests of the minor children — the primary consideration in modifying a parenting plan — to remove Former Husband’s supervised timeshar-ing. See § 61.13(3), Fla. Stat.; see also Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (“If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.”) (citation omitted). Based upon the foregoing, we conclude that Former Wife has not shown that the trial court abused its discretion in modifying Former Husband’s visitation with the children.

Affirmed.

CONNER, J., concurs.
WARNER, J., dissents with opinion.

. Supervised visitation was a result of the Former Husband’s addiction and was determined to be in the best interests of the children.

. Although referred to as the third amended final judgment, the final judgment has only been amended twice.