PER CURIAM.
Jerod B. Blevins (“former husband”) timely appeals an order granting his former wife’s supplemental petition to modify their final judgment of dissolution. The order modified the parties’ equal time-sharing schedule for their minor son, and granted related relief, primarily based upon a concern regarding the distance of the son’s school (located near the former husband’s residence), which is approximately a one-hour drive from the former wife’s residence. Because the location of the parties’ respective residentes was known at the time of the final judgment, when the trial court selected the former husband’s residence as the child’s legal address and address to be used for school designation purposes, concerns related to this issue cannot form the basis for the modification order. See Wade v. Hirschman, 903 So.2d 928, 932 (Fla.2005) (holding that “final divorce decree providing for the custody of a child can be materially modified only if there (1) are facts concerning the welfare of the child that the court did not know at the time the decree was entered, or (2) has been a [substantial] change in circumstances shown to have arisen since the decree”); see also Bon v. Rivera, 10 So.3d 193, 195 (Fla. 4th DCA 2009) (“The petitioning parent bears an extraordinary burden to prove a substantial change in circumstances.”). The other facts alleged by the former wife and echoed in her testimony were also legally insufficient to support the necessary finding of a substantial change of circumstances. See, e.g., Ragle v. Ragle, 82 So.3d 109, 113 (Fla. 1st DCA 2011) (holding that “parents’ inability to communicate does not satisfy the substantial change requirement for modification” (citing Ogilvie v. Ogilvie, 954 So.2d 698 (Fla. 1st DCA 2007))); Sanchez v. Hernandez, 45 So.3d 57, 62 (Fla. 4th DCA 2010) (holding father seeking custody modification “needed to prove more than merely an acrimonious relationship and a lack of effective communication in order to show a substantial change”); McKinnon v. Staats, 899 So.2d 357 (Fla. 1st DCA 2005) (same); Cooper v. Gress, 854 So.2d 262, 267 (Fla. 1st DCA 2003) (“Although this record is replete with instances of the parties’ mutual failure to communicate effectively, the former wife failed to allege and prove an unanticipated substantial, material change in circumstances since the entry of the final judgment.” (citing Chapman v. Prevatt, 845 So.2d 976 (Fla. 4th DCA 2003))).
Because substantial, competent evidence of a substantial change of circumstances was not presented, the trial court abused its discretion by granting the former wife’s petition for modification. Accordingly, we reverse the modification order and remand with instructions to reinstate the equal time-sharing schedule set forth in the final judgment of dissolution,
REVERSED AND REMANDED WITH INSTRUCTIONS.
LAWSON, C.J., COHEN and EDWARDS, JJ., concur.