# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2094
Lower Tribunal No. 10-2054
_____

**Karin Shaleesh,**
Appellant,

vs.

**Anthony Shaleesh,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Lorenzen Law P.A., and Dirk Lorenzen, for appellant.

Cynthia J. Dienstag, P.A, and Cynthia J. Dienstag, for appellee.

Before SALTER, EMAS and SCALES, JJ.

PER CURIAM.

Karin Shaleesh ("former wife") challenges a non-final order granting Joseph Shaleesh's ("former husband") motion for a temporary suspension of the parties' timesharing plan with respect to their minor child, LS, and permitting LS to reside

with the former husband in Miami-Dade County pending the outcome of a final hearing on the former husband's verified petition for modification of timesharing and relocation of LS to Florida. "In order to obtain a temporary custody modification, the moving party must satisfy a two-part test by establishing through competent, substantial evidence that (1) there has been a substantial or material change in circumstances and (2) the modification is in the best interest of the child or children involved." Bon v. Rivera, 10 So. 3d 193, 195 (Fla. 4th DCA 2009); see also Bronstein v. Bronstein, 167 So. 3d 462, 464 n.3 (Fla. 3d DCA 2015). Upon reviewing the transcripts of the hearing conducted below, at which: (1) the former wife was both present and participated; and (2) the trial court conducted a transcribed, *in camera* interview of LS, we find that the trial court did not abuse its discretion in entering the non-final order on review. Bon, 10 So. 3d at 195 ("The standard for reviewing a trial court's ruling on a motion to modify custody is abuse of discretion, although the trial court has much less discretion to modify a custody order than it enjoys in making the original custody determination.").

Affirmed.