# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1074
_____

JUSTIN HARRELL,

    Appellant,

    v.

HEATHER FRIEND, f/k/a
HEATHER HARRELL,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Barbara K. Hobbs, Judge.

May 8, 2024


B.L. THOMAS, J.

The former husband appeals the circuit court's order dismissing his amended supplemental petition to modify parenting plan for failure to state a cause of action. Because we find that the former husband alleged facts that could constitute an unanticipated, substantial, and material change in circumstances, as a matter of law, we reverse the circuit court's order.

The parties dissolved their marriage in 2014, and the final judgment provided that the former wife would have primary timesharing, but that the former husband could have visitation, provided that he was not under the influence of alcohol during the visitation. The final judgment required the former husband's

visitation be supervised "due to [his] active alcohol abuse and erratic behavior," finding that these conditions were "necessary for the protection of the children." The former wife was allowed to request breathalyzer tests of the former husband during his parenting time. The final judgment named five individuals that would be acceptable supervisors for visitation.

In 2022, the former husband filed an amended supplemental petition to modify parenting plan, seeking 50/50 unsupervised timesharing and a modification of child support in accordance with the equal timesharing arrangement sought. The amended petition asserted that the final judgment had contemplated that the former husband would continue to struggle with alcohol addiction and provided no path to unsupervised visitation if he recovered. As the unanticipated, substantial, and material change in circumstances, the amended petition alleged that the former husband is no longer actively abusing alcohol and behaving erratically, that he has been diagnosed with bipolar disorder and learned that his previous abuse of alcohol was a form of self-medication for the disorder, and that he now avoids alcohol abuse by using his appropriately prescribed medication. The amended petition also noted that the former husband had never tested positive for alcohol during his parenting time, despite multiple tests done at the former wife's request. The amended petition also asserted that because the children are now older (ages 12 and 9 at the time of the amended petition's filing versus 5 and 1 at the time of the dissolution of marriage), they are not in as much need of supervised timesharing. Finally, the amended petition stated that the acceptable supervisors listed in the final judgment are no longer able to supervise for various reasons.

The former wife filed a motion to dismiss the amended petition. The circuit court granted the motion and dismissed the amended petition for failure to state a cause of action—specifically, failure to allege facts that could, as a matter of law, constitute a substantial, material, and unanticipated change in circumstances to allow for modification of the parenting plan. The circuit court's order cites several Florida court decisions holding that improved life circumstances—including improved mental health after counseling and medication, overcoming alcohol abuse, and an improved ability to provide a stable home for children—do not

constitute a substantial and material change in circumstances. The court also found that the aging and increased maturity of the children in the eight years between the petition for dissolution and the petition for modification cannot be an unanticipated, substantial, and material change in circumstances. If it could, all parenting plans would be subject to modification. The circuit court also found that the unwillingness or inability to supervise of the acceptable supervisors named in the final judgment was not an unanticipated, substantial, and material change, either because the final judgment clearly established that the parties could utilize a professional supervisor or agree to other individuals. This appeal follows.

Section 61.13(3), Florida Statutes, describes the showing a party must make in seeking to modify a parenting plan:

> For purposes of establishing or modifying parental responsibility and creating, developing, approving, or modifying a parenting plan, including a time-sharing schedule, which governs each parent's relationship with his or her minor child and the relationship between each parent with regard to his or her minor child, the best interests of the child must be the primary consideration. A determination of parental responsibility, a parenting plan, or a time-sharing schedule *may not be modified without a showing of a substantial and material change in circumstances and a determination that the modification is in the best interests of the child.*

(emphasis added). The use of the term "showing" indicates the need for evidence and an opportunity to be heard.

This Court has explained that

> [m]odification proceedings are "entirely different" than initial custody decisions, *Cooper v. Gress*, 854 So. 2d 262, 267 (Fla. 1st DCA 2003), and courts have considerably less discretion in considering them "because [they] disrupt children's lives." *Ragle v. Ragle*, 82 So. 3d 109, 113 (Fla. 1st DCA 2011). Parties seeking to modify a parenting plan must show "a substantial, material, and unanticipated change in circumstances and . . . that the

3

modification is in the best interests of the child." § 61.13(3), Fla. Stat.; *see also Garcia v. Guiles*, 254 So. 3d 637, 640 (Fla. 1st DCA 2018). "This required proof imposes an 'extraordinary burden' on the party seeking modification." *Hutchinson v. Hutchinson*, 287 So. 3d 695, 696 (Fla. 1st DCA 2019) (quoting *Ragle*, 82 So. 3d at 111).

*Bryan v. Wheels*, 295 So. 3d 889, 890 (Fla. 1st DCA 2020); *see also Frazier v. Frazier*, 147 So. 464, 467 (Fla. 1933) ("Where a final decree has already once definitely fixed the custody of a minor child as between its divorced parents, the effect of a petition filed to modify the decree is to raise an issue as to whether or not sufficient cause exists at the time of filing the petition and subsequently to require a change in the provisions of the earlier decree respecting the child's custody. The trial of such an issue involves a determination of the proposition, whether or not there is any factual basis sufficient to show that conditions have become materially altered since the entry of the previous decree.").

The instant case differs from the typical appeal from a circuit court order denying modification, because in this case the court dismissed the amended petition without an evidentiary hearing.[1] The circuit court found that the facts alleged in the amended petition, even if true, could never, as a matter of law, constitute a substantial and material change in circumstances sufficient to allow for modification. Because the circuit court's ruling was based on a conclusion of law, we apply a de novo standard of review. *See Sarkis v. Pafford Oil Co., Inc.*, 697 So. 2d 524, 526 (Fla. 1st DCA 1997) ("Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the *de novo* standard of review.").

---

[1] Circuit court orders on petitions for modification after evidentiary hearing are reviewed for abuse of discretion, and "[t]o determine whether the trial court abused its discretion, we look to the record for competent substantial evidence to support the trial court's decision." *Bell v. Bell*, 295 So. 3d 336, 338 (Fla. 1st DCA 2020).

4

Family law is a very fact-dependent area of law. "[P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law." *Rosen v. Rosen*, 696 So. 2d 697, 700 (Fla. 1997); *see also* § 61.001, Fla. Stat. (stating that Chapter 61, Florida Statutes, "shall be liberally construed and applied" and that its purposes include "to safeguard meaningful family relationships" and "[t]o mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage").

In *Wade v. Hirschman*, the Florida Supreme Court applied equitable principles and recognized the supremacy of the best interest of the child standard when it rejected the argument that a party seeking to modify must show a detriment to the child due to the existing parenting plan:

> Requiring proof of detriment to the child in order to show a substantial and material change of circumstances misstates the burden that is necessary to overcome the res judicata effect of the previous decree and conflicts with the best interest standard because it restricts the trial court's ability to act in the best interest of the child in custody modification proceedings. This restriction on the trial judge is contrary to the intent of the Legislature to give trial judges wide latitude to work equity in chapter 61 proceedings. *See* § 61.011, Fla. Stat. (2004) ("Proceedings under this chapter are in chancery.").

903 So. 2d 928, 933 n.11 (Fla. 2005); *see also Mallick v. Mallick*, 311 So. 3d 243, 246 (Fla. 2d DCA 2020) (explaining that because of the inherent equitable nature of chapter 61 and the history of the application of equitable principles in Florida family law, "[t]he proposition that in these matters courts may act only within the bounds of what is explicit in chapter 61 subverts an elemental tenet of Florida's family law jurisprudence."). Thus, a court applying section 61.13(3) to a petition for modification must apply equitable principles of fundamental fairness and the best interest

5

of the child in reviewing all the facts and circumstances of the specific case.[2]

The Legislature emphasized in section 61.13(3) that "the best interest of the child must be the primary consideration" when a trial court is considering a petition to modify a parenting plan. This primary consideration of the child's best interests appears in the statute before—and again after—the required showing of a substantial and material change in circumstances. This emphasis reflects the importance of the best interest of the child as an equitable consideration. It would therefore be contrary to legislative intent to read the statute's requirements for modification to be so narrow as to preclude a change that would be in the best interest of the child by simply proclaiming that a party's "improved life circumstances" can never be a substantial and material change sufficient to support modification.

Some Florida appellate opinions concerning modification make what appear to be sweeping statements about what can and cannot constitute a substantial, material, and unanticipated change in circumstances. However, in those cases, the trial court had conducted an evidentiary hearing to consider the specific facts asserted in the petition for modification. In *Jannotta v. Hess*, 959 So. 2d 373 (Fla. 1st DCA 2007), on which the former wife primarily relies, this Court reversed an order granting modification of the parenting plan to give the mother primary custody of one of the parties' children. The Court disagreed with the circuit court's finding that the mother's remarriage, financial stability, and

---

[2] The Fourth District in *Tullier v. Tullier*, 98 So. 3d 84 (Fla. 4th DCA 2012), affirmed a trial court's order modifying the former husband's visitation from supervised to unsupervised after the proper review of all the circumstances apparent after evidentiary hearing. The Fourth District held that there was competent, substantial evidence to support the trial court's finding of a substantial and material change in circumstances due to evidence that the husband had undergone successful and continuing therapy and counseling for addiction without a relapse and the opinion of mental health professionals that unsupervised visitation was appropriate. *Id.* at 86–87.

6

success in overcoming alcohol addiction constituted a substantial and material change in circumstances, noting that "we have repeatedly held that such evidence is insufficient to constitute a substantial and material change in circumstances justifying a change in custody." *Id.* at 374.

In *Bell v. Bell*, 295 So. 3d 336 (Fla. 1st DCA 2020), this Court considered a circuit court's order granting modification based on the fact that the father's mental health had improved substantially after counseling and medication. In reversing the circuit court's order, this Court stated:

> But we have recognized that improved life circumstances do not constitute a substantial change in circumstances sufficient to allow for a modification of timesharing arrangements. In *Jannotta*, for example, a former wife had overcome alcohol abuse, remarried, and was better able to provide a stable home for her four children than even the former husband. *Id.* at 374. We concluded, however, that this evidence was insufficient to constitute a substantial and material change in circumstances. *Id.* We reached a similar conclusion in *Kilgore v. Kilgore*, 729 So. 2d 402, 406 (Fla. 1st DCA 1998), where we cited "numerous opinions" for the proposition that improved life circumstances aren't enough to allow for a custody modification. Accordingly, here, while recognizing the evidence of the father's improved mental health, life circumstances, and prospects for having a stable family life, this evidence isn't sufficient to grant his petition to modify timesharing.

*Id.* at 338.

In the instant case, the former wife argues these passages from *Jannotta*, *Bell*, and similar cases stand for the rule that evidence of a party's having overcome alcohol abuse or a mental health problem can *never* constitute a substantial and material change in circumstances sufficient to allow for modification of a parenting plan. However, we note that there is nothing in these opinions that states that the holdings were not specific to the facts of those cases.

Furthermore, within the circumstances of a specific case, even if the fact that a party has overcome a prior substance abuse or mental health problem is insufficient, *alone*, to constitute a substantial and material change, it may well be sufficient when considered along with other related changes in circumstances, such as an improved ability to parent, improved parental relationship with the child, and decreased risk of harm to the child's physical and mental well-being and development. *See Ritsi v. Ritsi*, 160 So. 2d 159 (Fla. 3d DCA 1964) (explaining that, when a father has been granted custody in the final judgment, remarriage of the mother and acquisition by her of a suitable home or increased affluence relative to the father are not, *alone*, a justification for a change in custody or "a controlling factor" but that a change in custody "is justified in such improved circumstances of the wife *when coupled therewith there are circumstances relating to the present custody which are improper and harmful to the child or children* so as to make it manifest that a change of custody is essential for their welfare" (emphasis added)); *see also Wilson v. Condra*, 255 So. 2d 702 (Fla. 1st DCA 1971) (relying on *Ritsi* for the proposition that remarriage and acquisition of a stable home are not material changes that "*of themselves* justify a change in custody" (emphasis added)); *Stricklin v. Stricklin*, 383 So. 2d 1183, 1184 (Fla. 5th DCA 1980) (holding that "the fact that the father had remarried, that the mother was working while her parents cared for the child, that she was having marital difficulties and that she had changed her place of residence several times, was not sufficient to justify a change in custody *absent a finding that the child was adversely affected by the conditions*" (emphasis added)). Underlying these considerations should be the Legislature's statement that

> [i]t is the public policy of this state that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing. Unless otherwise provided in this section or agreed to by the parties, there is a rebuttable presumption that equal time-sharing of a minor child is in the best interests of the minor child.

*Cf.* § 61.13(2)(c)1., Fla. Stat.

In the instant case, the former husband's allegation that he has overcome alcohol abuse through successful mental health treatment and medication could be a substantial and material change in circumstances allowing for modification of the parenting plan. His mental health and substance abuse issues factored against him in the original parenting plan entered in 2014, but he has not tested positive for alcohol use during supervised visits since then, despite former wife having requested multiple tests. Also, the age and preferences of the children are relevant, and the trial court should allow them an opportunity to be heard. "Generally speaking, the stated preference of a child in a modification proceeding is entitled to some weight if the child possesses sufficient maturity and understanding to make an intelligent choice." *See Perez v. Perez*, 767 So. 2d 513, 518 (Fla. 3d DCA 2000), *abrogated on other grounds by Wade v. Hirschman*, 903 So. 2d 928 (Fla. 2005); *cf. Holmes v. Greene*, 649 So. 2d 302, 304 (Fla. 1st DCA 1995) ("The preference of a child regarding primary residence is entitled to consideration, *provided that* the child possesses sufficient maturity and understanding to make an intelligent choice."). The parties' children were aged five and one year old at the time of the parties' dissolution of marriage and were ages twelve and almost nine when the former husband sought modification. Thus, they are now able to express their own preferences regarding modification.

To determine whether the former husband has met the statutory requirements for modification, the circuit court must conduct a review of all the facts and circumstances. Thus, we reverse the circuit court's order and remand for an evidentiary hearing.

REVERSED and REMANDED.

ROBERTS and ROWE, JJ., concur.

9

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Jennifer LaVia, Tallahassee, for Appellant.

Linda A. Bailey, Law Office of Linda A. Bailey, P.A., Tallahassee, for Appellee.