# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**NATALIE RADKO,**
Appellant,

v.

**SHAHAR LEVI,**
Appellee.

Nos. 4D2024-0162 & 4D2024-0242

[September 4, 2024]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Francis Viamontes, Judge; L.T. Case No. FMCE15009182.

Gustavo E. Frances, Fort Lauderdale, for appellant.

Linda M. Jaffe, Davie, for appellee.

PER CURIAM.

Natalie Radko ("the mother") appeals the trial court's order to pick-up minor child, entered pursuant to section 61.514, Florida Statutes (2024). The parties originally had shared parental responsibility of the child as established by the final judgment of paternity. The trial court's order placed the child into the father's temporary sole custody.

We reverse the trial court's order because the father did not allege, nor did the trial court find, a substantial change in circumstances. *See Bon v. Rivera*, 10 So. 3d 193, 194 (Fla. 4th DCA 2009) (citing *Kendall v. Kendall*, 832 So. 2d 878, 879-80 (Fla. 4th DCA 2002)). Moreover, the father did not file a petition for modification of custody, but instead moved for temporary sole custody of the minor child. *See Mitchell v. Ahmed*, 376 So. 3d 83, 86 (Fla. 1st DCA 2023) (citing *Patel v. Patel*, 324 So. 3d 1001, 1003 (Fla. 1st DCA 2021)) (noting that a request to modify custody cannot be made by motion).

The father's motion explained that, while the parties had shared parental responsibility of the child, the mother had continually violated court orders and prevented the father from seeing the child. The motion

also alleged that the mother had failed to abide by court orders requiring that she bring the child to the hospital for an evaluation as the child was threatening self-harm. The father's motion ultimately sought temporary sole custody of the child.

After a hearing on the father's motion, the trial court orally determined that the child "needs to be with his [f]ather." The trial court further found that the "only way to protect [the child] and ensure that he doesn't continue to get psychologically damaged and emotionally damaged is to transfer custody to dad immediately."

The mother's counsel objected and argued that any modification to custody would be an abuse of the trial court's discretion because the father had not filed a modification petition, nor had the father alleged a substantial change in circumstances. The trial court responded that it believed it had the authority to sua sponte change custody to protect the child. The trial court entered its order, finding that exigent circumstances warranted immediate placement of the child into the father's temporary sole custody.

The mother now appeals. We address only the father's failure to file a proper petition for modification of custody and the trial court's lack of findings. We do not determine whether the evidence was sufficient to warrant a modification because the trial court must make the necessary factual findings to allow for meaningful appellate review. *See Burkhardt v. Bass*, 711 So. 2d 158, 160 (Fla. 4th DCA 1998).

We review a trial court's ruling modifying custody for an abuse of discretion. *Wilcoxon v. Moller*, 132 So. 3d 281, 288 (Fla. 4th DCA 2014) (citing *Ragle v. Ragle*, 82 So. 3d 109, 111 (Fla. 1st DCA 2011)). "A request to modify [custody] cannot be made by motion and must be initiated by supplemental petition." *Mitchell*, 376 So. 3d at 86 (first citing *Patel*, 324 So. 3d at 1003; and then citing Fla. Fam. L. R. P. 12.110(h)).

Additionally, "[a] determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." *Tullier v. Tullier*, 98 So. 3d 84, 87 (Fla. 4th DCA 2012) (quoting § 61.13(3) Fla. Stat. (2010)). We have held that it is error to grant a modification of custody "if the noncustodial parent fails to allege that a substantial and material change has occurred[,] and the trial court fails to make a similar finding." *Bon*, 10 So. 3d at 195 (quoting *Bartolotta v. Bartolotta*, 687 So. 2d 1385, 1387 (Fla. 4th DCA 1997)).

Here, the father did not file a proper petition for modification or allege a substantial change in circumstances since the final judgment established shared custody. Likewise, the trial court did not make a finding of a substantial change in circumstances in its order modifying custody. Thus, the trial court abused its discretion in temporarily modifying custody of the parties' child.

The father also did not allege any emergency circumstances that would permit a temporary change in custody prior to a final hearing on a modification petition. *See Gielchinsky v. Gielchinsky*, 662 So. 2d 732, 733 (Fla. 4th DCA 1995) ("We conclude that the trial court abuses its discretion in temporarily changing custody where, as here, custody was already established by a judgment and a petition to permanently change custody is pending, unless there is a real emergency.").

We therefore reverse the order to pick-up minor child, which placed the child in the father's temporary sole custody. Our holding is without prejudice to the father bringing a properly pleaded petition for modification of custody.

*Reversed.*

KLINGENSMITH, C.J., MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3