# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3048
LT Case No. 2023-CA-002997

_____

WILLIAM D. CHIPCHAK,

    Appellant,

    v.

JORGE GAUVIN derivatively on
behalf of G and S
REFRIGERATION and AC, LLC,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County.
Susan Stacy, Judge.

Andrew P. Lannon, of Lannon Land Litigation Local Law, PLLC,
Orlando, for Appellant.

Lawrence M. Kosto, of Kosto & Rotella, P.A., Orlando, for
Appellee.

September 13, 2024

HARRIS, J.

    William Chipchak appeals the trial court's Default Final
Judgment entered against him, arguing inter alia that it was
entered in the absence of subject matter jurisdiction. Finding no
merit to Chipchak's jurisdictional or other claims, we affirm.

On June 14, 2023, Jorge Gauvin derivatively on behalf of G&S Refrigeration and A/C, LLC ("Gauvin"), filed a verified complaint against Chipchak in circuit court, seeking $800,000 in damages for wrongful distribution from a company in which both parties maintained a 50% membership interest. Chipchak was served with that lawsuit on July 18, 2023.

On August 14, 2023, a clerk's default was entered against Chipchak for failure to serve or file any papers as required by law. A week later, Gauvin moved for entry of default final judgment, and on September 21, 2023, the trial court entered final judgment in favor of Gauvin.

Soon thereafter, counsel for Chipchak filed a Verified Motion for Rehearing and/or Motion for Relief from Judgment, Decrees or Orders and Motion for Sanctions. The motion asserted that two months prior to Gauvin filing the complaint in the instant case, Chipchak filed a petition for judicial dissolution of G&S Refrigeration and A/C, LLC, and included Gauvin as a respondent ("the previously filed case"). The motion provided a detailed procedural history of the previously filed case and explained the confusion surrounding the complaint filed in the instant case and why neither Chipchak nor his counsel were aware of the complaint filed in the instant case. Chipchak further asserted that Gauvin participated in deception and trickery by purposely deceiving the parties and the court in failing to indicate that the previously filed case was a "related case" when he filed the complaint in the instant case. The motion further argued that the claims filed in the instant case were barred by res judicata and that the final judgment should be set aside based on excusable neglect and/or inadvertence.

For reasons unclear from the record, Chipchak then withdrew his Motion for Rehearing and/or Motion for Relief from Judgment Decrees and Motion for Sanctions. That same day, he filed the instant appeal of the trial court's Default Final Judgment, arguing that the trial court below lacked subject matter jurisdiction because it had already accepted jurisdiction in the previously filed case. We find no legal support for Chipchak's position.

Whether a court has subject matter jurisdiction is a question of law reviewed de novo. *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005). The failure to preserve an argument based on subject matter jurisdiction in the trial court does not preclude an appellate court from considering the issue. *See 84 Lumber Co. v. Cooper*, 656 So. 2d 1297, 1298 (Fla. 2d DCA 1994).

"'[Subject matter] [j]urisdiction,' in the strict meaning of the term . . . means no more than the power lawfully existing to hear and determine a cause. It is the power lawfully conferred to deal with the general subject involved in the action." *Guizzardi v. Guizzardi*, 89 So. 3d 967, 969 (Fla. 3d DCA 2012) (quoting *MCR Funding v. CMG Funding Corp.*, 771 So. 2d 32, 35 (Fla. 4th DCA 2000)). Chipchak's argument that the previously filed complaint deprived the trial court in the instant case of subject matter jurisdiction is baseless. The particular facts of an individual case (i.e., whether the claims are identical or the procedural aspect of the case) are irrelevant in determining subject matter jurisdiction. "[A] challenge to subject matter jurisdiction is proper only when the court lacks authority to hear a class of cases, rather than when it simply lacks authority to grant the relief requested in a particular case." *In re Adoption of D.P.P.*, 158 So. 3d 633, 636–37 (Fla. 5th DCA 2014).

Here, the trial court had subject matter jurisdiction as it is without question that circuit courts have exclusive jurisdiction over claims involving in excess of $50,000 (where filed on or after January 1, 2023) and in all cases of equity. *See* § 26.012(2)(a), Fla. Stat. (2024). Because Gauvin's complaint filed in the instant case involved a matter in which the controversy exceeded $50,000, the trial court unquestionably had the requisite subject matter jurisdiction.

As to Chipchak's claim that Gauvin's complaint was barred by res judicata, he could have filed an answer raising that issue. *See Boyd v. Boyd*, 874 So. 2d 696, 698 (Fla. 5th DCA 2004) ("Res judicata is an affirmative defense, and affirmative defenses are waived if they are not pleaded.") (citation omitted). Moreover, Chipchak withdrew what could have been a meritorious motion to set aside the default final judgment based on excusable neglect and/or inadvertence. Thus, he waived that argument as well.

Accordingly, because Chipchak does not raise any meritorious argument to set aside the default final judgment, we affirm the judgment entered below.

AFFIRMED.

EDWARDS, C.J., and SOUD, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____